IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHNNY RAY CALDWELL,<br><br>Plaintiff,<br><br>vs.<br><br>UTAH STATE TAX COMMISSION, DMV,<br><br>Defendant. | **REPORT & RECOMMENDATION**<br><br>Case No: 2:05-CV-226 PGC<br><br>District Judge Paul G. Cassell<br><br>Magistrate Judge David Nuffer |

Plaintiff Johnny Ray Caldwell filed suit under 42 U.S.C. §§ 1983, 1985 against the Utah State Tax Commission, Division of Motor Vehicles, alleging that the DMV wrongfully issued title to his vehicle to a third party, resulting in the loss of Caldwell's van. The case was referred to the magistrate judge under 28 U.S.C. § 636(b)(1)(B). Because the Utah State Tax Commission is entitled to Eleventh Amendment immunity, the magistrate judge concludes that the case should be dismissed.

**I. FACTS**

Caldwell's handwritten complaint is very difficult to decipher, but the underlying facts are set forth in a letter to Caldwell from the Utah State Tax Commission, Division of Motor Vehicles, which Caldwell has attached to the complaint.[1] On December 17, 2003, while Caldwell apparently was incarcerated at the Utah State Prison, McQuaid Towing was given authorization to remove an abandoned vehicle (Caldwell's van) from an individual's private

---

[1] Letter from Utah State Tax Commission, Division of Motor Vehicles, to Caldwell, dated Oct. 19, 2004, attached as Exhibit A to the complaint.

property. In accordance with Utah law, McQuaid Towing sent a letter to Caldwell at his last known address informing him that the vehicle had been towed. The letter also informed Caldwell of the amount due and included instructions on how to obtain the vehicle. The letter, sent by certified mail, was returned as "undeliverable as addressed." McQuaid Towing therefore applied for title to the vehicle.

On January 30, 2004, the Division of Motor Vehicles reviewed the paperwork submitted by McQuaid Towing, and checked with the National Crime Information Center (NCIC) to make sure the vehicle had not been reported stolen. The DMV also verified that the certified letter had been sent to the last address the DMV had on file for Caldwell. Finding that all the paperwork was in accordance with Utah Administrative Rule R873-22M-2 (J), the DMV issued a dismantling permit to McQuaid Towing on February 4, 2004.

## II. DISCUSSION

**A. Dismissal Is Appropriate Because the Tax Commission Is Immune from Suit**

The Eleventh Amendment bars a suit in federal court against a state or its agencies. This bar applies regardless of the nature of the relief sought.[2] Since the Utah State Tax Commission is a state agency, it is immune from suit under the Eleventh Amendment.

Caldwell is proceeding without prepayment of fees under 28 U.S.C. § 1915. Section 1915(e) provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . seeks monetary relief against a defendant who is immune from such relief."[3]

---

[2] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995).

[3] 28 U.S.C. § 1915(e)(2)(B).

Caldwell seeks monetary relief in the amount of $25,000 to replace his van. Thus, because Caldwell is seeking monetary relief against a defendant who is immune from such relief, this case should be dismissed under 28 U.S.C. § 1915(e)(2)(B).[4]

**B. Caldwell's Motions for Summary Judgment and for Default Judgment**

Caldwell has filed two motions for summary judgment[5] and a motion for default judgment.[6] He has also filed a document entitled Order to Show Cause[7] which appears to be a request for the entry of default judgment. This document was docketed as a motion for an order to show cause. These motions are procedurally improper because there has been no valid service of process on the defendant. Moreover, since the Utah State Tax Commission is immune from suit, there is no basis to enter judgment against it.

### III.  RECOMMENDATION

The Utah State Tax Commission is entitled to Eleventh Amendment immunity. Therefore, the case should be dismissed under 28 U.S.C. § 1915(e)(2)(B). Caldwell's motions for summary judgment and for default judgment should be DENIED.[8]

Copies of this Report and Recommendation are being mailed to the parties, who are hereby notified that they have the right to object to the Report and Recommendation. The parties

---

[4] *See Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997); *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992).

[5] Docket nos. 12 & 28, filed June 14, and October 5, 2005, respectively.

[6] Docket no. 14, filed June 24, 2005.

[7] Docket no. 21, filed July 12, 2005.

[8] Docket nos. 12, 14, 21, & 28.

are further notified that they must file any objections to the Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

    November 2, 2005.

                                      BY THE COURT:

                                      _____
                                      David Nuffer
                                      U.S. Magistrate Judge