IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOHNNY RAY CALDWELL,<br><br>    Plaintiff,<br><br>vs.<br><br>UTAH STATE TAX COMMISSION, DMV,<br><br>    Defendant. | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFAULT JUDGMENT AND DISMISSING THE CASE UNDER 28 U.S.C. § 1951(e)(2)(B)<br><br><br>Case No. 2:05-CV-226 PGC |

Johnny Ray Caldwell filed suit under 42 U.S.C. §§ 1983 and 1985, against the Utah State Tax Commission, Division of Motor Vehicles, alleging that the DMV wrongfully issued title to his vehicle to a third party and deprived him of his property. The court referred this case to the magistrate judge under 28 U.S.C. § 636(b)(1)(B), and the magistrate judge issued his report and recommendation on November 2, 2005. After issuance of the report, the magistrate judge notified both parties to file any objections to the report and recommendation within ten days of receiving the report, and that failure to file objections may constitute a waiver of those objections on subsequent appellate review. Having received no objections from either party, and after reviewing the magistrate judge's report and recommendation, the court adopts the report and

recommendation.  The court DENIES Mr. Caldwell's motions for summary judgment, default judgment, and to show cause (#12, 14, 21, and 28).  The court also dismisses the case.

Mr. Caldwell's complaint alleged that while he had been incarcerated in Utah State Prison, McQuaid Towing received authorization to remove his van from a private residence. McQuaid Towing then sent a letter to Mr. Caldwell at his last known address informing him that the vehicle had been towed and instructed him as to how to retrieve his van.  Although sent by certified mail to Mr. Caldwell at his last known address, the mail returned to McQuaid Towing as "undeliverable as addressed."  McQuaid Towing then applied for title to the vehicle.  The DMV reviewed the paperwork and checked with the National Crime Information Center to ensure the vehicle had not been stolen.  Additionally, the DMV sent a certified letter to its last address for Mr. Caldwell.  Finding all the paperwork in accordance with Utah Administrative Rule R873-22M-2(J), the DMV issued a dismantling permit to McQuaid Towing.  Mr. Caldwell then filed this suit.

Mr. Caldwell proceeds without prepayment of fees under 28 U.S.C. § 1915.  Section 1915(e) provides that "the court shall dismiss the case at any time if the court determines that the action . . . seeks monetary relief against a defendant who is immune from such relief."[1]  As the magistrate judge found, Mr. Caldwell seeks monetary relief against the Utah Tax Commission in the amount of $25,000 to replace his van.  Since the Eleventh Amendment bars a suit in federal court against a state or its agencies,[2] and because the Utah State Tax Commission is a state

---

[1] 28 U.S.C. § 1915(e)(2)(B).

[2] *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995).

agency, it is immune from suit in federal court under the Eleventh Amendment. Mr. Caldwell's suit must be dismissed because he seeks monetary judgment from a state agency that is immune from such relief. As such, Mr. Caldwell's myriad motions are all denied, as he cannot receive summary judgment or default judgment on his claims.

The court ADOPTS the magistrate judge's report and recommendation (#33). The court DENIES Mr. Caldwell's various motions for summary judgment, default judgment and to show cause (#12, 14, 21, and 28). The court dismisses the case pursuant to 28 U.S.C. § 1915(e)(2)(B) because Mr. Caldwell seeks monetary judgment from a state entity that is immune from suit in federal court under the Eleventh Amendment. The Clerk's Office is directed to close the case.

DATED this 29th day of November, 2005.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge